**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AT&T MOBILITY LLC,

    Plaintiff,                                              Civil Action No. 1:11-CV-11448-RWZ

v.

MICHAEL PRINCI,

    Defendant.

_____/

**T-MOBILE USA, INC.'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**
**IN SUPPORT OF AT&T MOBILITY LLC'S**
**MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED**
**<u>MEMORANDUM OF LAW</u>**

T-Mobile USA, Inc. ("T-Mobile") respectfully moves this Court for leave to file the attached *Amicus Curiae* Brief in Support of AT&T Mobility LLC's Motion for Preliminary Injunction. T-Mobile's Motion for Leave should be granted because:

1.      Defendant has initiated an arbitration against AT&T Mobility LLC ("AT&T") in which he seeks to block the multi-million dollar merger between AT&T and T-Mobile. T-Mobile's parent stands to gain consideration amounting to $39 billion if T-Mobile's merger with AT&T closes. Moreover, the merger with AT&T will allow T-Mobile to obtain significant benefits for its customers that would not be available absent the merger. In other words, T-Mobile has a direct and substantial interest in the consummation of its merger with AT&T. Yet Defendant seeks to enjoin that merger in an arbitration where there will be no consideration whatsoever of T-Mobile's interests.

2.      In this litigation and through its Motion for Preliminary Injunction, AT&T seeks to stop Defendant's arbitration. T-Mobile has reasons separate and apart from AT&T's reasons

1

as to why Defendant's arbitration should be enjoined.  Specifically, T-Mobile seeks leave to submit an *Amicus Curiae* Brief to discuss an issue not fully addressed by the parties – whether the injunctive relief sought by Defendant in arbitration would impermissibly determine the rights and duties of T-Mobile.  It would.  T-Mobile respectfully requests that this Court exercise its discretion and grant T-Mobile's Motion for Leave so that T-Mobile's interests may be considered.  *See U.S. v. Massachusetts Maritime Academy*, 76 F.R.D. 595, 598 (D. Mass. 1977) ("for the protection of [non-party's] interests," court permitted amicus curiae brief).

3.  AT&T's Motion for Preliminary Injunction should be granted and Defendant's arbitration enjoined because Defendant asks the arbitrator to determine whether T-Mobile may proceed with its merger with AT&T.  Although Defendant seeks relief that will bind T-Mobile, Defendant does not claim that he has any arbitration agreement with T-Mobile, and T-Mobile has never agreed to submit the propriety of its merger with AT&T to arbitration.  Arbitration is a matter of consent, nor coercion.  *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986).  And T-Mobile has never agreed that an arbitrator can resolve this dispute.

4.  Although styled as an individual arbitration, Defendant seeks relief that would resolve not only the dispute between Defendant and AT&T, but also the disputes that exist involving many other parties (including the dispute now pending in federal court among AT&T, T-Mobile, and the Department of Justice) regarding the propriety of this exact merger.  A proceeding with such a multiplicity of interested participants would bear much more semblance to a class action than an individual, bilateral arbitration.  T-Mobile has not agreed to participate in a class arbitration, and the United States Supreme Court has held that class arbitration cannot be compelled against unwilling participants.  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010).  Moreover, the United States Supreme Court has repeatedly made clear

that arbitration is not an appropriate forum for resolving class disputes. *Id.*; *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1750-52 (2011).

5. Even if this arbitration were allowed to proceed, and Defendant somehow obtained the relief he seeks, that award would be set aside on a motion to vacate under 9 U.S.C.A. § 10(a) (4) on the grounds the arbitrator exceeded his authority by binding non-parties. It is a waste of everyone's resources to allow an arbitration to proceed that is so infirm that any award would ultimately be vacated.

For these reasons, T-Mobile respectfully requests that this Court exercise its discretion and grant T-Mobile's Motion for Leave.

### LOCAL RULE 7.1(A) (2) CERTIFICATION

Pursuant to local Rule 7.1(a) (2), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion in a good faith attempt to resolve or narrow the issue herein.

Counsel for AT&T and the Communications Workers of America do not oppose T-Mobile's filing of an amicus curiae brief in this matter; counsel for the Defendant objects to the filing of an amicus curiae brief by T-Mobile.

Respectfully submitted this 15th day of September, 2011.

/s/ Wesley S. Chused
Wesley S. Chused, BBO # 083520
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800
wchused@lgllp.com

*Counsel for Proposed Amicus Curiae*
T-Mobile USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 15th day of September 2011.

/s/ Wesley S. Chused
Wesley S. Chused

## SERVICE LIST

Matthew T. McLaughlin, Esq.
Nixon & Peabody, LLP
100 Summer Street
Boston, MA 02110
617-345-6154
Fax: 617-440-6480
Email: mmclaughlin@nixonpeabody.com
Attorney for Plaintiff AT&T Mobility LLC

Andrew J. Pincus, Esq.
Mayer Brown, LLP
1999 K Street, NW
Washington, DC 20006
202-263-3220
Email: apincus@mayerbrown.com
Attorney for Plaintiff AT&T Mobility LLC

Archis A. Parasharami, Esq.
Mayer Brown, LLP
1999 K Street, NW
Washington, DC 20006
202-263-3328
Email: aparasharami@mayerbrown.com
Attorney for Plaintiff AT&T Mobility LLC

Jonathan Sablone, Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02210
617-345-1000

Fax: 617-345-1300
Email: jsablone@nixonpeabody.com
Attorney for Plaintiff AT&T Mobility LLC


Kevin Ranlett, Esq.
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
202-263-3217
Attorney for Plaintiff AT&T Mobility LLC

David Pastor, Esq.
Gilman and Pastor, LLP
63 Atlantic Avenue
3rd Floor
Boston, MA 02110
617-742-9700
Fax: 617-742-9701
Email: dpastor@gilmanpastor.com
Attorney for Defendant Michael Princi

Indira Talwani, Esq.
Segal Roitman, LLP
111 Devonshire Street
5th Floor
Boston, MA 02109
617-742-0208
Fax: 617-742-2187
Email: italwani@segalroitman.com
Attorney for amicus curiae Communications Workers of America

Shelley B. Kroll, Esq.
Segal Roitman, LLP
111 Devonshire Street
5th Floor
Boston, MA 02109
617-742-0208
Fax: 617-742-2187
Email: skroll@segalroitman.com
Attorney for amicus curiae Communications Workers of America


4836-4032-8970, v. 1