**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AT & T MOBILITY, LLC. <br>                   Plaintiff, <br>      vs. <br> MICHAEL PRINCI, <br>                   Defendants | ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 11-cv-11448-RWZ |

**DEFENDANT'S OPPOSITION TO T-MOBILE USA, INC.'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF AT&T MOBILITY LLC'S MOTION FOR A PRELIMINARY INJUNCTION**

On September 15, 2011, T-Mobile USA, Inc. ("T-Mobile") filed a motion requesting leave to file a Memorandum as an *Amicus Curiae* in Support of Plaintiff AT&T Mobility LLC's ("AT&T") Motion for a Preliminary Injunction.

This matter concerns the enforcement of an agreement to arbitrate claims arising between AT&T and Defendant Michael Princi.  "[T]he threshold questions a district court must answer before compelling or enjoining arbitration are these: (1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement?  (2) Does the dispute between those parties fall within the language of the arbitration agreement?"  *John Hancock Mutual Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998).  "Once a court answers these questions in the affirmative, the parties must take up all additional concerns with the arbitrator."  *Elzinga & Volkers, Inc. v. LSSC Corp.*, 838 F. Supp. 1306, 1309 (N.D. Ind. 1993).  Here, AT&T does not contest that a valid agreement to arbitrate exists between the parties.  *See* AT&T Complaint ¶ 41 ("The arbitration agreement between ATTM and each defendant is a valid and binding contract ….").  Thus the sole issue is whether defendant's Clayton Act claims are within the substantive scope of the agreement to arbitrate.

T-Mobile is not a party to that agreement and does not have legal rights or obligations that would be affected by arbitration under the agreement.  T-Mobile's proposed amicus brief does not even attempt to address the sole issue before the Court.  It would serve no purpose but to clutter the record and to waste the Court's and the parties' time.

Defendant opposes T-Mobile's motion for leave to file an *Amicus Curiae* memorandum and respectfully requests that the Court exercise its discretion to deny leave for T-Mobile to file the proposed amicus brief.

/

/

/

/

/

1

Dated:  September 29, 2011        Respectfully submitted,

 

 

Scott A. Bursor

BURSOR & FISHER, P.A.
Scott A. Bursor (admitted *pro hac vice*)
369 Lexington Ave, 10th Floor
New York, NY 10017-6506
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email:  scott@bursor.com

GILMAN & PASTOR, LLP
David Pastor (BBO #391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
Email: dpastor@gilmanpastor.com

## CERTIFICATE OF SERVICE

I, Scott A. Bursor, hereby certify that this motion and related documents were electronically filed and served on all counsel via the Court's ECF system.

/s/ Scott A. Bursor
Scott A. Bursor