UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11448-RWZ

AT&T MOBILITY LLC

v.

MICHAEL PRINCI

ORDER

December 2, 2011

ZOBEL, D.J.

After AT&T, the parent of plaintiff AT&T Mobility LLC ("ATTM"), and Deutsche Telekom AG, the parent of T-Mobile USA, Inc. ("T-Mobile"), announced an agreement under which A T & T would acquire T-Mobile for approximately $39 billion, defendant in this case invoked an arbitration agreement between ATTM and its customers and filed a demand for arbitration challenging the proposed merger under the Clayton Act, 15 U.S.C. §§ 18 and 26.  ATTM has filed a complaint for declaratory judgment that the asserted claim is not arbitrable and for an injunction prohibiting defendant from pursuing his demand.  The matter is before me on defendant's motion to compel arbitration (Docket #8) and plaintiff's motion for a  preliminary injunction prohibiting defendant from pursuing his pending arbitration (Docket # 10)

According to the complaint "[d]efendant is among 1,000 (and counting) ATTM customers whom the law firm of Bursor & Fisher, P.A. ("Bursor"), has solicited and now claims to have recruited as part of a scheme to pressure ATTM into settling meritless

claims.  Under the 'plan' brazenly announced on Bursor's website, defendant and other claimants intend to 'use AT&T's own Arbitration Agreement' against ATTM by filing 'thousands' of copycat consumer arbitrations seeking identical, class-wide relief: a blanket injunction prohibiting ATTM from completing its $39 billion merger with T-Mobile..."

Given the November 29, 2011, FCC report disapproving the proposed merger, the claim for arbitration may well be moot.

In addition, a number of courts have reviewed identical cases with identical motions for injunctive relief and have uniformly held that the arbitration demands exceed the scope of the arbitration agreement which is limited to individual claims.[1] Since the challenge to the merger necessarily implicates other customers, it is, a fortiori, a class or representative claim and outside the agreement.  They have uniformly enjoined the arbitration.  I fully agree with these decisions and find that plaintiff in this case will also succeed on the merits.  Furthermore, to be forced to arbitrate a claim plaintiff did not agree to arbitrate is irreparable harm for which there is no adequate remedy at law and the balance of hardships falls far heavier on plaintiff than it does on defendant pursuing a manufactured claim.  Finally, given the existing and mandated statutory and regulatory reviews of the proposed merger by federal and state regulatory bodies, the public interest is better served by allowing that process to

---

[1] AT&T Mobility LLC v. Bushman, 2011 WL 5924666, at *2 (S. D. Fla. Sept. 23, 2011); AT&T Mobility LLC v. Smith, 2011 WL 5924460, at *8 (E. D. Pa. Oct 7, 2011);  AT&T Mobility LLC v. Gonnello, 2011 WL 4716617, at *4 (S. D. N. Y. Oct. 7, 2011); AT&T Mobility LLC v. Bernardi, WL 5079549, at *13 (N. D. Cal. Oct. 26, 2011); AT&T Mobility LLC v. Fisher, 2011 WL 5169349, at *3 (D. Mass. Oct. 28, 1022).

play out without the interposition of individual arbitrations of the same or similar issues.

Plaintiff's motion for a preliminary injunction (Docket # 10) is ALLOWED. Defendant's motion to compel arbitration (Docket # 8) is DENIED. Plaintiff shall file a proposed order enjoining the pending arbitration.

A number of procedural motions are ALLOWED as well: Motion for Leave to File a Memorandum as an Amicus Curiae by Communications Workers of America (Docket # 16), Motion for Leave to File Amicus Curiae Brief by T-Mobile (Docket # 20), Motion for Leave to File by Amici States (Docket # 21), and several motions for Leave to File excess pages and Reply Memoranda (Dockets ## 25, 30, 31 and 33).

|  |  |
|---|---|
| December 2, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |